REPUBLIC AUTOMOTIVE PARTS,
INC., Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.

No. 78–1019.

United States Court of Appeals,
Sixth Circuit.

Dec. 18, 1979.

Sidney Bender, Leventritt, Lewittes &
Bender, New York City, for petitioner-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gary
R. Allen, Tax Division, U. S. Dept. of Justice, Gilbert E. Andrews, Daniel F. Ross,
Stuart E. Seigel, Chief Counsel, I. R. S.,
Washington, D. C., for respondent-appellee.

Before EDWARDS, Chief Judge, and
KEITH and KENNEDY, Circuit Judges.

ORDER

Appellant appeals from a decision of the
United States Tax Court which upheld an
IRS assessment of a tax deficiency. The
deficiency found by the IRS was based
upon its claim that a $400,000 judgment it
had been awarded in a suit against Borg-
Warner Corporation for wrongfully inducing a third party Maquinas York, a Brazilian manufacturer, to breach its contract
with Republic was ordinary income rather
than capital gain as reported by Republic.

We note that in affirming the $400,000
judgment in Republic's favor, the source of
the judgment was described by the Seventh
Circuit as follows:

> The fundamental problem was to determine the reasonably probable amounts of
> royalties which York would have paid
> from time to time from 1959 to 1970, but
> for the wrongful inducement, and determine the present value, as of June, 1967,
> in dollars, of those periodic payments.
> *Republic Gear Co. v. Borg-Warner Corp.,*
> 406 F.2d 57, 62 (7th Cir.), *cert. denied,* 394
> U.S. 1000, 89 S.Ct. 1596, 22 L.Ed.2d 777
> (1969).

The loss of royalties is clearly loss of ordinary income. For this reason and other
reasons spelled out in the opinion of the
Tax Court, the judgment of the Tax Court
is affirmed.